*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
STEPHENS, ATTANASIO, and DEERWESTER
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jackson B. MELTON**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202100208**

Decided: 29 March 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Melanie J. Mann

Sentence adjudged 25 May 2021 by a special court-martial convened at Marine Corps Base Hawaii, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 90 days, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Colonel Michael D. Berry, USMCR*

---

[1] Appellant received 81 days of pretrial confinement credit.

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[2]

However, we note that the Entry of Judgment does not accurately reflect the disposition of the charges.[3] Although we find no prejudice, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding.[4] In accordance with Rule for Courts-Martial 1111(c)(2), we modify the Entry of Judgment and direct that it be included in the record.

The findings and sentence are **AFFIRMED**.[5]

_____

[2] Articles 59 & 66, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 859, 866.

[3] The Entry of Judgment [EOJ] incorrectly reflects Specification 2 of Charge II as an aggravated assault. However, while Appellant had been charged with an aggravated assault, consistent with the plea agreement, Appellant pleaded guilty to (by exceptions) and was found guilty of an assault consummated by a battery.

[4] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

[5] In affirming the findings and sentence, we note that the only clemency requested by trial defense counsel on Appellant's behalf was disapproval of the bad-conduct discharge. The convening authority lacked the power to grant such a clemency request because, excluding exceptions not relevant here, disapproval or suspension of a bad-conduct is prohibited by operation of law. *See* Article 60(c), UCMJ. In a previous case where trial defense counsel could have requested clemency that fell within the convening authority's power, but instead requested clemency that was prohibited by operation of law, we remanded for new post-trial processing with conflict-free counsel. *See United States v. Marquardt*, No. 201600265, 2017 CCA Lexis 95 (N-M. Ct. Crim. App. Feb. 14, 2017) (unpublished). In this case, however, because the only possible clemency available to Appellant was suspension or disapproval of the adjudged reduction to E-1, and due to the nature of the offenses in this case, we find there was no "reasonable probability of succeeding" with such a clemency request. *See United States v. Warren*, No. 202000170, 2020 CCA LEXIS 393 at *1–2 n.2 (N-M Ct. Crim. App. Oct. 30, 2020)

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

(unpublished) (quoting *United States v. Jameson*, 65 M.J. 160, 164 (C.A.A.F. 2007) (internal quotations omitted)). Therefore, under the unique circumstances of this case, we discern no prejudice and no need to remand for new post-trial processing. (While the convening authority was also empowered to suspend or disapprove the 90 days of confinement, trial defense counsel's clemency request stated that Appellant "served his confinement prior to the plea, and was awarded time served." While Appellant was sentenced to 90 days of confinement and only received 81 days of pretrial confinement credit, we presume trial defense counsel's statement took into account so-called "good time" credit.).

# United States Navy–Marine Corps
# Court of Criminal Appeals

| | |
|---|---|
| **UNITED STATES** | NMCCA NO. 202100208 |
| v. | **ENTRY**<br>**OF**<br>**JUDGMENT** |
| **Jackson B. MELTON**<br>Lance Corporal (E-3)<br>U.S. Marine Corps | |
| *Accused* | *As Modified on Appeal* |
| | **29 March 2022** |

On 25 May 2021, the Accused was tried at Marine Corps Base Hawaii, by a special court-martial, consisting of a military judge sitting alone. Military Judge Melanie J. Mann presided.

## FINDINGS

The following are the Accused's pleas and the Court's findings to all offenses the convening authority referred to trial:

**Charge I:** **Violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.**

*Plea:* Guilty.
*Finding:* Guilty.

**Specification:** **Failure to obey lawful general order, on or about 5 March 2021.**

*Plea:* Guilty except for the words "Private First Class Alpha Romeo, U.S. Marine Corps, and Private First Class Echo Sierra, U.S. Marine Corps."[6]

*Finding:* Guilty except for the words "Private First Class Alpha Romeo, U.S. Marine Corps, and Private First Class Echo Sierra, U.S. Marine Corps."

---

[6] All names in this opinion and modified Entry of Judgment, other than those of Appellant, the judges, and counsel, are pseudonyms.

**Charge II:** **Violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928.**

> *Plea:* Guilty.
>
> *Finding:* Guilty.

**Specification 1:** **Aggravated assault—inflicting grievous bodily harm, on or about 5 March 2021.**

> *Plea:* Not Guilty.
>
> *Finding:* Dismissed.

**Specification 2:** **Assault consummated by battery, on or about 5 March 2021.**

> *Plea:* Guilty, except for the words "and did thereby inflict substantial bodily harm upon him, to wit: severe bruising of the face."
>
> *Finding:* Guilty, except for the words "and did thereby inflict substantial bodily harm upon him, to wit: severe bruising of the face."

## SENTENCE

On 25 May 2021, the Accused was sentenced by a military judge. The Accused was adjudged the following sentence:

**Reduction to the paygrade of E-1**

> *For the Sole Specification of Charge I:*
> confinement for 90 days.

> *For Specification 2 of Charge II:*
> confinement for 90 days.

> The terms of confinement will run concurrently.

**Confinement for a total of 90 days.**

**A bad-conduct discharge.**

The Accused has served 81 days of pretrial confinement and shall be credited with 81 days of confinement already served, to be deducted from the adjudged sentence to confinement.



FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court